ALD-250                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1824
_____

QUINTEZ TALLEY,
Appellant

v.

DORINA VARNER; FACILITY MANAGER KAUFFMAN;
CAPTAIN SUNDERLAND; LT. KEEL

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-17-cv-00965)
District Judge: Honorable James M. Munley

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
August 1, 2019
Before:  McKEE, SHWARTZ, and BIBAS, Circuit Judges

(Opinion filed: September 5, 2019)
_____

OPINION[*]
_____

PER CURIAM

       Quintez Talley appeals the District Court's dismissal of his amended complaint for

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

failure to state a claim. As this appeal does not present a substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Talley's lawsuit centers on an incident while he was incarcerated at State Correctional Institution Smithfield (SCI-Smithfield). Talley had been transferred to SCI-Smithfield on a writ to appear for a pending sentencing hearing in the Centre County Court of Common Pleas. On June 18, 2015, Talley alleged that he had been kicking his cell door repeatedly for approximately an hour in response to an unrelated dispute with a correction officer at SCI-Smithfield. Lieutenant Donald Keel, along with several other correction officers, arrived at Talley's cell, ordered him to "cuff up," and requested that he leave his cell to obtain a photo identification. Talley refused to leave his cell, and Keel eventually left.

Talley asserted that Keel did not inform him that Keel was there because sheriffs had arrived to escort him to his sentencing hearing that morning. Because of his refusal to leave his cell, Talley's sentencing hearing was rescheduled and held two weeks later. Talley was sentenced to 4.5 to 9 years.

Talley brought suit against Keel and others at SCI-Smithfield under 42 U.S.C. § 1983, alleging, among other things, violations of his First and Eighth Amendment rights, in addition to claims of supervisory liability and conspiracy. Talley generally alleged that Keel prevented him from accessing the courts and fraudulently reported that Talley had refused to attend court that morning. He further alleged that the failure to attend the hearing caused the court to give him a more onerous sentence, because the postponement allowed

the government more time to draft a sentencing memorandum. As to the supervisory liability and conspiracy claims, Talley generally alleged Keel's supervisors covered up Keel's actions by declining to hold him accountable through the inmate grievance system. Defendants moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), which the District Court ultimately granted.[1]

The District Court ruled that Talley's denial-of-access to the courts claim failed because the hearing was rescheduled, and thus Talley was not injured. As to the Eighth Amendment claim for cruel and unusual punishment, the District Court held that Talley failed to allege he was being the denied the basic needs the Eighth Amendment guarantees. Finally, as to the supervisory and conspiracy claims, the District Court ruled that Talley failed to adequately plead facts establishing those claims, in addition to failing to establish an underlying constitutional violation onto which those claims could attach.

We have jurisdiction to review the District Court's judgment pursuant to 28 U.S.C. § 1291. We review de novo the District Court's grant of the motion to dismiss pursuant to Rule 12(b)(6). See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). "[A] complaint must contain sufficient factual allegations, taken as true, to 'state a claim to relief that is plausible on its face.'" Fleisher v. Standard Ins. Co., 679 F.3d 116,

---

[1] The case was referred to a Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that the motion to dismiss be granted in part, but that Talley should be given leave to amend some of his claims. After entertaining objections to the R&R, the District Court adopted the R&R in part—disagreeing with the recommendation to give Talley leave to amend. The District Court therefore dismissed the complaint with prejudice.

3

120 (3d Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  We accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff.  Id.

The District Court properly concluded that Talley failed to allege sufficient factual allegations to state a claim for a denial-of-access to the courts, as Talley failed to assert he suffered any "actual injury" stemming from the alleged violation.  An actual injury occurs when the prisoner is prevented from or has lost the opportunity to pursue a "nonfrivolous" or "arguable" claim.  See Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008).  The prisoner must describe any such lost claims in his complaint.  See id. at 205–06.  Here, the sentencing hearing was rescheduled, and Talley was able to attend that hearing.  Talley failed to allege what underlying nonfrivolous claims he was unable to pursue due to this two-week delay.[2]  Thus, no injury occurred, and he cannot maintain a denial-of-access claim.[3]

Next, the District Court correctly ruled that Talley failed to state a claim under the Eighth Amendment.  Here, Talley alleged in his amended complaint that Keel fabricated Talley's refusal to go to court.  This alleged act by Keel is not sufficiently serious to violate the Eighth Amendment, nor does it deprive Talley of minimal civilized necessities.  See

---

[2] Talley invokes both the First and Fourteenth Amendments in his complaint.  See Monroe, 536 F.3d at 205 ("Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts.").  Regardless of the constitutional basis Talley relies on for his denial-of-access claim, that "right is ancillary to the underlying claim, without which [Talley] cannot have suffered injury by being shut out of court."  See Christopher v. Harbury, 536 U.S. 403, 415 (2002).

[3] For the reasons already addressed in the District Court opinion, the court also properly held that Talley failed to allege he was denied his right to communicate with his attorney.

4

<u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994) (noting that for a prison official to violate the Eighth Amendment, the deprivation alleged must be objectively "sufficiently serious," and must result in the denial of "the minimal civilized measure of life's necessities"). Furthermore, Talley does not allege any other acts or omissions on the part of Keel that would support the conclusion that Keel was depriving him of "humane conditions of confinement." <u>See</u> <u>id.</u> at 832. Accordingly, we agree with the District Court's assessment of this issue.[4]

Finally, Talley's claims of supervisory liability and conspiracy fail because, as noted by the District Court, there is no underlying constitutional violation. <u>See</u> <u>Santiago v. Warminster Township</u>, 629 F.3d 121, 130 (3d Cir. 2010) (reasoning that a claim for supervisory liability "necessarily includes as an element *an actual violation* at the hands of subordinates" (emphasis added)); <u>Jutrowski v. Township of Riverdale</u>, 904 F.3d 280, 293–94 (3d Cir. 2018) ("To prevail on a conspiracy claim under § 1983, a plaintiff must prove that persons acting under color of state law 'reached an understanding' to deprive him of his constitutional rights." (quoting <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 152 (1970))); <u>see also</u> <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 935 (9th Cir. 2012) ("Conspiracy is not itself a constitutional tort under § 1983."). Consequently, the supervisory liability and conspiracy claims cannot be maintained by themselves under § 1983. Moreover, these claims also fail because Talley failed to allege specific facts necessary to establish the essential

---

[4] To the extent Talley appeared to argue the court's sentence of 4.5 to 9 years violated the Eighth Amendment, he failed to state, among other things, how his sentence is "grossly disproportionate" to the severity of the crime committed. <u>See</u> <u>United States v. Walker</u>, 473 F.3d 71, 80–81 (3d Cir. 2007).

elements for either claim. <u>See</u> <u>Evancho v. Fisher</u>, 423 F.3d 347, 353 (3d Cir. 2005) (noting supervisory liability cannot be predicated solely on respondeat superior and finding an amended complaint failed to allege facts that, if proven, would show personal involvement in alleged wrongdoing); <u>Young v. Kann</u>, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991) (noting the "mere general allegation . . . [or] averment of conspiracy or collusion without alleging the facts which constituted such conspiracy or collusion is a conclusion of law and is insufficient [to state a claim]" (alterations in original) (quoting <u>Kalmanovitz v. G. Heileman Brewing Co.</u>, 595 F. Supp. 1385, 1400 (D. Del. 1984))).

Accordingly, for the foregoing reasons, we will summarily affirm the District Court's judgment. We agree that the District Court did not err in declining to invite additional amendment of the complaint. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 111 (3d Cir. 2002).